CARLTON GODFREY AND HENRY WEIDERHOLD, PROSE-CUTORS, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF ATLANTIC, AND LIDDLE & PFEIFFER, RESPONDENTS.

Argued December 29, 1916—Decided January 24, 1917.

A resolution passed by a board of chosen freeholders provided that an award of a contract for the improvement of a county road be not binding, if chapter 285 of the laws of 1916 was adopted by the voters of the state; that, in the event said law was adopted by the voters of the state, the award and all the proceedings shall be null and void. The resolution was passed November 8th, 1916. The above act was adopted by the voters of the state at the election, November 7th, 1916. On November

24th, 1916, at a special meeting of the board, the above resolution was repealed, disposed of, set aside and for nothing holden. A contract was awarded under the original advertisement for bids. *Held*, the award of the contract was void and illegal.

On *certiorari*.

Before Justice BLACK.

For the prosecutors, *Godfrey & Read, Clarence L. Cole* and *Theodore W. Schimpf.*

For Liddle & Pfeiffer, *Adrian Riker* and *Emerson L. Richards.*

For the board of chosen freeholders of the county of Atlantic, *Enoch A. Higbee.*

The opinion of the court was delivered by

BLACK, J.   On the 8th of November, 1916, the board of chosen freeholders of the county of Atlantic, by a resolution, awarded a contract to Messrs. Liddle & Pfeiffer for extraordinary repairs or reconstruction of a permanent character, improving a county road.   The proceedings were based upon *Pamph. L.* 1914, *p.* 203, § 27, and *Pamph. L.* 1912, *p.* 809. The bond issue is based upon *Pamph. L.* 1916, *p.* 525.   The road leads from Absecon bridge, in the city of Absecon, to the county line, between the counties of Camden and Atlantic, being what is known as the White Horse pike, running through the towns of Hammonton and Absecon, and to that portion of the county road leading from the aforesaid road, in the city of Absecon, to the Seaview Golf Club, in the township of Galloway, being that portion of the road commonly known as Ocean boulevard, for the width of sixteen feet in the centre of the road, for the sum of six hundred ninety-three thousand four hundred and forty-three dollars and forty-eight cents ($693,443.48), subject to the following proviso: "Provided further, that this award shall not be binding upon the board of freeholders of the county of Atlantic, nor shall any contract be entered into, nor any bonds offered for

sale under resolution heretofore passed, to be issued for the purpose of paying for the contract herein mentioned, if chapter 285 of the laws of 1916 was adopted by the voters of this state at the election held November 7th, 1916. That in the event said law was adopted by the voters of this state, this award and all proceedings touching the work herein referred to, and the award of the bid, shall be null and void."

While the record does not show that chapter 285 of the laws of 1916 was adopted by the voters of the state, at the election held November 7th, 1916, yet on the argument this fact was admitted.

On November 24th, 1916, at a special meeting of the board of chosen freeholders of Atlantic county, another resolution was passed, viz., that the above proviso be repealed, disposed of, set aside and for nothing holden, so that the board may proceed with the entering into a contract with Messrs. Liddle & Pfeiffer according to the terms of their bid, and be it resolved, that the above proviso "be repealed, disposed of, set aside and for nothing holden and that the contract for making said extraordinary repairs herein mentioned, be awarded to Liddle & Pfeiffer for the amount of their bid, they being the lowest bidders."

The problem for solution, provided by these resolutions is, whether the latter award was legal and binding, so that a contract and sale of bonds thereunder will be legal. The argument advanced on behalf of the board of freeholders is to that effect; the proviso in the resolution of November 8th, 1916, attempts to make void the award and all proceedings touching the work therein referred to. The intention of the board could be reconsidered in the same way as any other intention of such board, according to parliamentary law and usage. The resolution of November 24th, even if not, strictly speaking, a reconsideration, is clearly a rescission of the previous action on the proviso, in the resolution of November 8th; the proviso, in the resolution of November 8th, constitutes a repealer of the proceedings anterior, thereto; the resolution of November 24th constitutes a repeal of such repealer, which, therefore, in accordance with well established

law, revives such anterior proceedings. The fact is the board of chosen freeholders passed upon the question of the lowest bidder and of the formality of the bid and awarded the contract to Messrs. Liddle & Pfeiffer, subjecting it, however, to a condition not contemplated by the bidder and not embodied in the advertisement for bids and which the board of chosen freeholders could not enforce against the bidder without his consent. The award must follow the terms of the advertisement. *Armitage* v. *Mayor, &c., of Newark*, 86 *N. J. L.* 5. The action of the board on November 8th was neither an award of the contract, in accordance with the terms of the advertisement nor was it a rejection of all bids by the board. On the 24th of November, the board again met in special session and then took the action which was their duty to take, by determining to award the contract to Messrs. Liddle & Pfeiffer and not to reject their bid. Meanwhile, the bid of Messrs. Liddle & Pfeiffer had not been withdrawn, but was a continuing one and subject to acceptance by the board; as the action of the board of freeholders on November 8th is susceptible of the view that a valid award was then made under the resolution, for the reason that the board was without power to impose a condition not contained in the notice to bidders or the plans and specifications, and inasmuch as it undertook to make an award, that part of the resolution containing the unauthorized proviso was void and of no effect. In either event a valid award was made to Messrs. Liddle & Pfeiffer on the 8th or 24th of November, 1916.

This argument is more ingenious than sound.

The prosecutors, in reply thereto, argue that it shall be lawful for the board of chosen freeholders to award a contract or contracts for such repairs or reconstruction on bids duly advertised for in two public newspapers, printed and circulating in such county, for two weeks successively, at least, once in each week, before the date fixed therein for the receipt of the bids. *Pamph. L.* 1914, *p.* 204, § 1. So, in the act of 1912, *p.* 837, § 22. The state commissioner shall advertise for bids which shall state the hour, date and place where the sealed proposals will be received and publicly opened and read.

The commissioner may then reject any or all bids, but the award of the contract, if made, must be to the lowest responsible bidder.

The board reserved the right in this case in the advertisement to reject all bids. The universal practice is to reject all bids, adjourn to a fixed day for further consideration, or award a contract. They chose the latter course. They awarded the contract upon condition that the Egan bill had not been adopted by the voters of the state. But the voters of the state had adopted the act. Possibly two views are permissible, one, that the award never had any legal vitality because of the condition imposed, the other, that having had vitality it was lost when the fact appeared that the Egan act had been adopted. Either view defeats the award.

It is not controverted that an adjournment may be taken for consideration at a later day, but if there be action or nonaction and no new day is left open for a further consideration, then the transaction is final and concluded. To use the words of the brief: "The award of November 8th was something or nothing. If something, it was final—if nothing, it could not be revived by the action on November 24th."

While I am not aware of any statute or decision that either permits or forbids these public contracts to be awarded upon conditions, *i. e.*, depending upon the happening or not happening of events not connected with the subject-matter of the contract, on grounds of sound public policy, contracts so awarded should be declared void. If the award can be made to depend upon one condition, why not on two or many? If this condition in the award can be nullified after sixteen days at a special meeting, not an adjourned meeting, why not after thirty, forty or sixty days, and so on, until the award of the contract will be left in confusion and uncertainty, the legality of the bonds issued to pay for the cost impaired? This litigation is an apt illustration of the uncertainty that does arise out of awarding a public contract upon a condition.

The course demanded by all interests affected in the awarding of these public contracts at the time fixed in the adver-

tisement for receiving and reading the bids, is either to award a contract, reject all the bids or adjourn to some fixed time publicly announced for further consideration. Any other course is open to suspicion and uncertainty. If conditions are to be attached to the making of an award, such conditions should be stated in the advertisements calling for bids, so that the award of a contract under such an advertisement would follow its terms. *Armitage v. Mayor, &c., of Newark, supra.* Section 33 of the Crimes act (*Comp. Stat., p.* 1756) requires that bids shall be opened in public, at the time and place on the day named in the advertisement, and public announcement made of the contents in the presence of the parties bidding or their agents. By statute (*Pamph. L.* 1913, *p.* 366), in contracts to be paid by state funds exceeding the sum of $1,000, the contract therefor shall be awarded within three days after the day prescribed for publicly opening the bids.

I am therefore constrained to hold that the award of the contract in this case is void. This makes it unnecessary to consider or decide the other important and interesting points raised by the prosecutors, which were argued orally and at length in the briefs of the respective counsel representing all parties to this litigation.

The resolution awarding the contract to Messrs. Liddle & Pfeiffer is set aside, with costs.